_JjAMY, J.,
dissenting.
I respectfully dissent from the majority opinion as I conclude that the plaintiff failed to satisfy the burden required to prevail on the Motion for Summary Judgment. I first note that the plaintiff essentially argues that, because Dr. Ayers tendered $100,000 in settlement, liability is established for the entirety of the damages demonstrated. The PCF argues that Dr. Ayers’ settlement establishes liability for the first $100,000 of damages and that the plaintiff is relieved of proving that there was a breach of the standard of care. However, it contends that the plaintiff is still required to prove causation for damages in excess of $100,000.
In Graham v. Willis-Knighton Medical Center, 97-0188 (La.9/9/97), 699 So.2d 365, the Louisiana Supreme Court was faced with a malpractice action in which the defendant physician tendered the $100,000 statutory responsibility prior to trial. The Court addressed the issue of which party bears the burden of proof following such a settlement, stating:
We now conclude that the legislative intent of “liability” in Section 1299.44C(5) was that the payment of $100,000 in settlement establishes proof of liability for the malpractice and for damages of at least $100,000 resulting from the malpractice, which is a very significant benefit to the medical malpractice victim. However, at trial against the Fund, the plaintiff has the burden of proving that the admitted malpractice caused damages in excess of $100,000.
*1069 Id. at p. 15; 372 (emphasis added). Thus, the supreme court has instructed that the $100,000 settlement establishes liability and damages up to $100,000. Causation, 12however, remains at issue for damages exceeding the settlement figure.
The plaintiff attempted to meet his burden as the movant by introducing the opinion of the Medical Review Panel, his own affidavit regarding the couple’s relationship and the medical expenses incurred for his wife’s treatment, the deposition and report from an economist who offered his opinion regarding economic losses due to Mrs. Perkins’ death, and deposition testimony of family members and friends. While this testimony provided general, chronological descriptions of the events at issue, the evidence is most useful for the quantum of damages aspect of the case, rather than the causation of those damages. After review, I conclude that this evidence is insufficient to satisfy the plaintiffs burden for summary judgment purposes. Important in this conclusion is the opinion of the Medical Review Panel, which provides:
The evidence supports the conclusion that the defendant, Dr. Stephen Ayers, failed to comply with the appropriate standard of care as charged in the complaint, and the conduct complained of was a factor of resultant damages.

Based on the patient’s four day history of the present illness specifically nausea and vomiting which was unrelieved by previous measures taken by the patient’s family physician, Dr. Ayers should have worked her up further. A minimum of electrolytes and abdominal x-rays, and possibly IV rehydration teas indicated. Although there are complicating factors, ultimately Dr. Ayers lack of action likely contributed to the patient’s demise.

There is a material issue of fact, not requiring expert medical opinion, bearing on liability for consideration by the court concerning Coastal Emergency Medical Services.

As to the relationship between Coastal Emergency Medical Services and Dr. Ayers, we feel that since no evidence was presented as to the medical culpability of Coastal, any subsequent decision about liability concerns legal and not medical issues.

As explained above, La.R.S. 40:1299.44(0(5) provides that, in assessing damages to be paid from the fund, “the court shall consider the liability of the health | scare provider as admitted and established where the insurer has paid one hundred thousand dollars.” While this provision may make summary judgment possible for the awarding of damages in some medical malpractice cases, see Bijou v. Alton Ochsner Med. Found., 95-3074 (La.9/5/96), 679 So.2d 893, I conclude this is not such a case, given the scant evidence presented.
The plaintiff has presented virtually no evidence regarding the factual background of the case, limiting the court’s contextual view and making it impossible to determine whether or to what extent Dr. Ayers’ fault was the source of all damages in excess of $100,000. The only evidence regarding the medical situation in this case is the opinion of the Medical Review Panel in which the Panel concluded that Dr. Ayers breached the standard of care, a breach it concluded likely contributed to Mrs. Perkins’ death. What the opinion does not establish, nor does any other evidence presented, is whether Dr. Ayers’ malpractice alone caused all of the damages claimed, damages in excess of $100,000. In light of the apportionment of fault requirement of La.Civ.Code art. 2323, it seems to me that evidence of the defendant’s sole fault, or portion of fault as the case may be, is crucial in the determination as to whether summary judgment is appropriate. For instance, in Bramlet v. Louisiana Patient’s Compensation Fund, 98-1728 (La.11/6/98), 722 So.2d 984, 984-85, the supreme court issued a per curiam opinion reinstating the trial court’s determination that the damages aspect of a medical malpractice case was appropriate for summary judgment in the presence of 100% of the fault:
*1070 The application is granted. The court of appeal erred in interpreting the decision of this court in Graham v. Willis-Knighton Medical Center, 97-0188 (La.9/9/9), 699 So.2d 865, to prohibit a summary judgment when the health care provider has paid $100,000 in settlement of the claim and when there is no factual dispute that the settling health care provider was one hundred percent at fault or that the fault of the health provider “caused damages far in excess of \ $500,000” as observed by the court of appeal.
Accordingly, the judgment of the court of appeal is set aside, and the judgment of the trial court is reinstated.
(Emphasis added.) If evidence of total fault renders a case appropriate for summary judgment, certainly the moving party must bear the burden of demonstrating the defendant’s full responsibility for the damages sought.
Although the trial court’s written reasons for ruling indicate it found Dr. Ayers to be “solely 100% responsible for the damages incurred by the plaintiff,” I do not conclude that the record supports such a finding. Importantly, the plaintiff failed to present any evidence regarding the cause of Mrs. Perkins’ death, only that Dr. Ayers’ negligence likely contributed. Rather, the plaintiffs evidence is specifically targeted toward the issue of damages. While the defendant’s negligence may have been responsible for the entirety of the damages presented, the plaintiffs only evidence presented as to causation seemingly signals the possibility of other causes and leaves genuine issues of material fact, i.e., causation of damages in excess of $100,000, unresolved.
In my opinion, this case is unlike that before the Louisiana Supreme Court in Bijou, 95-8074, 679 So.2d 893, wherein the Court observed that the admission of liability due to payment of the health care provider’s $100,000 can render the damages aspect of medical malpractice cases suitable for summary judgment. While the negligence of Dr. Ayers is not in question, the extent of that liability, insofar as it may exceed $100,000, is in question. The plaintiffs submission, as discussed above, contains the Medical Review Panel opinion which does not exclude the possibility that there may have been other causes of Mrs. Perkins’ death as well and suggests that there may have been other causes. Again, damages must be apportioned ^between all parties at fault pursuant to La.Civ.Code art. 2323. When faced with the possibility that there may have been other causative factors, as here, it is impossible to apportion this defendant’s responsibility for the claimed damages without having an understanding of the context in which the damages were incurred. Although the parties may believe, based on full knowledge of the case, that there were no other causes but the fault of the defendant, I cannot reach that conclusion on the evidence presented in this record. In Bijou, the supreme court does not indicate that there may have been multiple causes for the injury/damages at issue there. Thus, while entry of summary judgment as to damages was found to be appropriate in Bijou, I do not find that the plaintiffs submission now before us permits a similar result in this case.
Accordingly, I conclude that the motion for summary judgment was erroneously granted. I respectfully dissent.